**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PARWINDER SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1982-SLP |
| | ) | |
| FRED FIGUEROA, WARDEN, | ) | |
| Diamondback Correctional Facility, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# O R D E R

Petitioner, Parwinder Singh, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause, [Doc. No. 10], and Petitioner's Reply [Doc. No. 13]. Although Respondents challenge the statutory basis for Petitioner's detention, they acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026), and that a bond hearing is the appropriate remedy[1]. *See* Resp., [Doc. No. 12] at 2-3.

Petitioner asks for his immediate release, as opposed to a bond hearing, in-part because he was arrested without a warrant. However, Respondents included with their Response a copy of the warrant for Petitioner's arrest, dated June 25, 2026 — the same day as Petitioner's arrest. Resp., [Doc. No. 12-5, 12-6]. Accordingly, the Court GRANTS IN

[1] Respondents nonetheless state they do not intend to waive appellate review and they do not concede that *Santillan Quiroz* was correctly decided.

PART the Petition [Doc. No. 1] as to Petitioner's statutory challenge to his detention pursuant to 8 U.S.C. § 1225(b)(2)(a).

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[2]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on October 29, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

[3] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").